UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KRISTOFER C. KELLEY,

               Plaintiff,

     v.

CITY OF VICKSBURG et al.,

               Defendants.

CASE NO. 3:26-cv-05621-DGE

ORDER DISMISSING CASE

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a).  Plaintiff, who is proceeding pro se and *in forma pauperis* ("IFP"), has submitted a complaint asserting numerous state and federal claims against the City of Vicksburg, Mississippi, one resident of Vicksburg, four officers of the Vicksburg Police Department and two residents of Washington State.  (Dkt. No. 6 at 6–8.)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

ORDER DISMISSING CASE - 1

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Plaintiff currently resides in Washington State, but "[a]t all times relevant to this Complaint . . . maintained a residence in Vicksburg[.]" (Dkt. No. 6 at 6.)  Plaintiff's causes of action appear to stem from a July 13, 2024 incident that began at his home in Vicksburg. Plaintiff asserts he "became concerned about activity occurring around his residence" and called 911. (*Id.* at 10.)  What happened to Plaintiff next is unclear from his complaint[1], but Plaintiff apparently left his residence and had interactions with his neighbor and a Vicksburg police officer, both of whom are named as defendants in this case. (*Id.* at 10.)  Plaintiff then entered a wooded area, where he recalls observing individuals "whom he believed to be law-enforcement officers, emergency personnel, or other individuals associated with the ongoing response." (*Id.*) Plaintiff asserts he "perceived an immediate threat" from these individuals and fled, "ultimately climb[ing] into a tree or elevated position within the wooded area." (*Id.*)  Plaintiff fell from the tree and sustained "severe physical injuries." (*Id.*)

---

[1]Plaintiff asserts his recollection of these events "is incomplete due to periods of loss of consciousness, trauma, injury, and the passage of time." (*Id.* at 10.)

ORDER DISMISSING CASE - 2

Plaintiff's complaint appears to describe his treatment for these injuries, his efforts to obtain information about the incident, and his concern that records of the incident might portray him as delusional and that "efforts might be made to subject him to involuntary commitment or otherwise interfere with his medical care." (*Id.* at 11–16.) Plaintiff alleges he relocated to Washington State in part because of the "physical injuries, disability, fear, housing instability, emotional distress, and other consequences" resulting from these events. (*Id.* at 17.) Plaintiff asserts that in November 2025, he experienced "additional events" in Washington State involving Defendants Krista Stager and William Stager that contributed to his "fear, emotional distress, concerns regarding personal safety, and ongoing damages[.]" (*Id.*) Plaintiff alleges statements made "during Washington-based interactions" referenced "allegations involving bribery of law-enforcement personnel in Mississippi and further referenced Jimmy Fulgham and Elizabeth Fulgham." (*Id.*) Plaintiff has attached various documents to his complaint, including what appears to be a police report concerning the July 13, 2024 incident, treatment records and information concerning Plaintiff's physical and mental health. (Dkt. No. 6-1.)

The Court finds that Plaintiff's complaint runs afoul of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).

The Ninth Circuit has held that dismissal for failure to comply with Rule 8 is proper where "the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "Rule 8(a) has 'been held to be violated by a pleading that was

ORDER DISMISSING CASE - 3

needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.' " *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir.2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)).

Plaintiff's complaint is lengthy and difficult to understand. Plaintiff does not adequately explain which acts of which individual Defendants give rise to his causes of action, and often makes vague, confusing and conclusory allegations; for example, his accusations against Defendants Krista Stager and William Stager alleging they "participated in events in Washington State that contributed to continuing harm[.]" (Dkt. No. 6 at 18.) It is unclear what "events" are being referred to and the cause(s) of action that apply to these Defendants.

The complaint also fails to identify the authority allowing this Court to exercise personal jurisdiction over Defendants who reside in the State of Mississippi and who appear to have no contact with the State of Washington. Accordingly, there is a strong likelihood that the proper venue for Plaintiff's claims would be the Southern District of Mississippi.

Accordingly, the Court DISMISSES Plaintiff's complaint but provides Plaintiff with an opportunity to file an amended complaint to address the deficiencies noted in this order. Plaintiff shall file an amended complaint no later than **July 16, 2026**.

The Clerk shall calendar this event.

Dated this 25th day of June, 2026.

David G. Estudillo
United States District Judge

ORDER DISMISSING CASE - 4